EARNEST DODSON v. THE STATE.

No. 3479. Decided March 17, 1915.

Rehearing denied April 7, 1915.

**1.—Local Option—Plea of Guilty.**

Where, upon trial of a violation of the local option law, the defendant waived a jury and pleaded guilty, there was no error in overruling his motion for new trial on the ground to set aside his plea of guilty and try the case upon a plea of not guilty.

**2.—Same—Agency—Waiver of Jury.**

Where, upon trial of a violation of the local option law, defendant waived a jury and the evidence raised the question of agency, which the court decided against the defendant, there was no error.

**3.—Same—Local Option in Force—Plea of Guilty.**

Under a plea of guilty in a misdemeanor case, it is not necessary to introduce evidence, and the contention, raised for the first time in this court, that it was not shown upon trial that local option was in effect in the county of the prosecution can not be considered on appeal.

**4.—Same—Statement of Facts—Motion for New Trial.**

Where the matters of fact arising on the motion for new trial were not filed as a statement of facts during the term time of court, the same can not be considered on appeal; but, even if considered, there was no error in overruling a motion for new trial; besides, there was no complaint made in the motion for new trial that local option was not in force, which could have been shown even upon the plea of guilty, and a new trial granted.

Appeal from the County Court of Nolan. Tried below before the Hon. Jno. H. Cochran, Jr.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $25 and twenty days confinement in the county jail.

The opinion states the case.

*W. E. Ponder*, for appellant.—On question of agency: Strickland v. State, 47 S. W. Rep., 720; Harris v. State, 49 Texas Crim. Rep., 233;

Givens v. State, 49 id., 267; Dawson v. State, 55 id., 315; Cowley v. State, 72 Texas Crim. Rep., 173, 161 S. W. Rep., 471.

On question of insufficiency of the evidence: Willis v. State, 15 Texas Crim. App., 118; Wyers v. State, 13 id., 57.

*C. C. McDonald*, Assistant Attorney General, for the State.—On question of law in force: Curry v. State, 28 Texas Crim. App., 475; Morton v. State, 37 Texas Crim. Rep., 131; Cantwell v. State, 47 id., 521; Byrd v. State, 51 id., 539; James v. State, 62 Texas Crim. Rep., 610, 138 S. W. Rep., 612.

DAVIDSON, Judge.—Appellant was convicted of violating the local option law, his punishment being assessed at a fine of $25 and twenty days imprisonment in the county jail.

He plead guilty. On motion for new trial he moved the court to set aside the plea as entered and hear the case on plea of not guilty. This was refused. As presented this was not error.

The court tried the cause on waiver of jury by appellant. There was some testimony introduced which is found in the record. It raises the question of agency. The court decided this against appellant. In view of the record, we believe the court was justified in finding against this contention.

The judgment is affirmed.

*Affirmed.*

### ON REHEARING.

### April 7, 1915.

DAVIDSON, Judge.—At a previous day of the term the judgment herein was affirmed. The opinion shows that appellant plead guilty, and on motion for new trial moved the court to set aside his plea and the judgment entered on it and permit him to enter a plea of not guilty and try the case from that viewpoint. The court refused.

Appellant contends that inasmuch as it was not shown that local option was in effect in Nolan County, therefore the judgment should have been reversed. Under a plea of guilty in a misdemeanor case it is not necessary to introduce evidence; at least such is the statute. On a plea of guilty in a misdemeanor the court may take the plea and hear evidence or not. C. C. P. (1911), art. 582. In this case there seems to have been no evidence introduced on the trial; at least there is no statement of facts showing that any testimony was introduced on the trial. On motion for new trial there is a statement of facts signed and approved by the judge, which was introduced in regard to the motion, wherein it was requested that the judgment be set aside on plea of guilty and he be permitted to try his case on a plea of not guilty. There is no reason shown of any particular merit why the motion for new trial should have been granted, and if we could consider the statement of facts introduced on motion for new trial it would show that he admitted his guilt and stated to the court, among other things, that

when he pleaded guilty he was advised and admonished as to the consequences of such plea, and yet pleaded guilty and·asked the mercy of. the court.   He also testified that he made a statement to the county attorney, after being warned, admitting his guilt.   He further stated that he knew what he was doing when he pleaded guilty to the court and told the court that when he pleaded guilty that he "ought to be fined five hundred dollars and given fifty days in jail in addition to being a fool."   This is some of the evidence introduced on motion for new trial asking the court to set aside the judgment on his plea of guilty.   However, this statement of facts, and these matters arising on the motion can not be considered.   Court adjourned on the 5th day of December; the statement of facts on motion for new trial was filed on the 3rd day of February following.   There are some bills of exception reserved to the action of the court occurring on motion for new trial, which were filed on the 16th day of December.   The statement of facts on motion for new trial and with reference to matters growing out of motion for new trial, must be filed during term time.   The statement of facts can not, therefore, be considered in regard to this matter. But even if considered, we are of the opinion that the court was not in error in refusing to ·grant the new trial and set aside the plea of guilty and the previous conviction on the grounds stated.   The fact that the statement of facts on motion for new trial do not show that local option was in effect in that county was not made a point in the motion for new trial, and was not called to the attention of the court. If this had been made a ground of the motion for new trial, although he had plead guilty, the motion would be granted if it was shown that local option was not in effect in the county.   If local option was not in effect, of course, there was no predicate for this prosecution and conviction, but there was no contention that local option was not·in effect, and the contest, as shown by the statement of facts, was all directed to the question of his guilt of making a sale, he claiming in motion for new trial that he was acting as agent for another party in securing the whisky.   If that had been an uncontroverted fact, then the court should have granted a new trial from that viewpoint, but if we go to the statement of facts introduced before the court on motion for new trial, this is not strongly supported.   There is some slight evidence suggesting that issue.   But all these maters of fact pass out because the statement of facts was not filed within the time allowed by law and can not be considered.

As the record presents the question there was no error shown and the motion for rehearing will be overruled.

*Overruled.*